IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGIA UNDERGROUND &
SUPPLY, INC.,

                Plaintiff,

v.                                    1:15-cv-1714-WSD

RST COMMUNICATIONS, LLC,
and RANDY REVELS,

                Defendants.

## OPINION AND ORDER

On May 14, 2015, Plaintiff Georgia Underground & Supply, Inc. ("Plaintiff") filed its Complaint [1] against Defendants RST Communications, LLC ("RST") and Randy Revels (together, "Defendants"), asserting claims for breach of contract, fraud, and other state law claims.

Plaintiff's Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332. Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party." Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006). The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the

Case 1:15-cv-01714-WSD   Document 11   Filed 10/09/15   Page 2 of 4

proceedings. Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking." Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999). In this case Plaintiff's Complaint raises only questions of state law, and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

The Complaint does not adequately allege the parties' citizenship. The Complaint states that Defendant Randy Revels "is a resident of the State of Georgia." (Compl. ¶ 2). This allegation is insufficient, because "[r]esidence alone is not enough" to show citizenship. Travaglio v. Am. Express Co., 735 F.3d 1266,

1269 (11th Cir. 2013).  For United States citizens, "[c]itizenship is equivalent to 'domicile' for purposes of diversity jurisdiction," and "domicile requires both residence in a state and 'an intention to remain there indefinitely.'"  Id. (quoting McCormick v. Aderholt, 293 F.3d 1254, 1257-58 (11th Cir. 2002)).

The Complaint fails to allege RST's citizenship. The Complaint alleges that RST "is a North Carolina Corporation organized under the laws of the State of North Carolina."  (Compl. ¶ 3).  A limited liability company is a citizen of any state of which one of its members is a citizen.  Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004).  "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ."  Id.

The Complaint also does not adequately allege Plaintiff's citizenship.  The Complaint alleges that Plaintiff "is a Georgia corporation."  (Complaint ¶ 1).  This allegation is not sufficient to establish diversity jurisdiction because a corporation is a citizen of its state of incorporation and the state in which it has its principal place of business.  Rolling Greens, 374 F.3d at 1021 n.1 (11th Cir. 2004) (citing 28 U.S.C. § 1332(c)(1)).  The Complaint does not allege in which state Plaintiff maintains its principal place of business.

The Court requires further information regarding the parties' citizenship. Accordingly, Plaintiff is required to file an Amended Complaint stating the citizenships of Plaintiff, RST and Randy Revels. The Court is required to dismiss this action, unless Plaintiff files an Amended Complaint alleging sufficient facts to show the Court's jurisdiction. See Travaglio v. Am. Express Co., 735 F.3d 1266, 1268-69 (11th Cir. 2013) (holding that the district court must dismiss an action for lack of subject matter jurisdiction unless the pleadings or record evidence establish jurisdiction).

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that Plaintiff must file an Amended Complaint, on or before October 23, 2015, that alleges the citizenship of the parties.

**SO ORDERED** this 9th day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE