IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

GEORGIA UNDERGROUND &
SUPPLY, INC.,

             **Plaintiff,**

v.                                    1:15-cv-1714-WSD

RST COMMUNICATIONS, LLC,
and RANDY REVELS,

             **Defendants.**

## OPINION AND ORDER

On May 14, 2015, Plaintiff Georgia Underground & Supply, Inc. ("Plaintiff") filed its Complaint [1] against Defendants RST Communications, LLC ("RST") and Randy Revels (together, "Defendants"), asserting claims for breach of contract, fraud, and other state law claims. The Court determined the Complaint did not properly allege the citizenship of any of the parties. On October 9, 2015, the Court ordered [11] (the "October 9th Order") Plaintiff to file, on or before October 23, 2015, an amended complaint properly alleging the citizenship of the parties.

On October 22, 2015, Plaintiff filed its First Amended Complaint [14] ("Amended Complaint"). In it, Plaintiff adds several allegations of citizenship in

accordance with the October 9th Order.  Plaintiff alleges that it is incorporated in Georgia and maintains its principal place of business in Georgia.  (Am. Compl. ¶ 1).  Plaintiff next alleges Defendant Randy Revels "is a citizen of North Carolina."  (Id. ¶ 2).  Plaintiff alleges Defendant RST has three members:  Randy Revels, Douglas Brown, and Dan Limerick.  (Id. ¶ 3).  Randy Revels and Douglas Brown are both citizens of North Carolina, and Dan Limerick is a citizen of Georgia.  (Id.).  Plaintiff's Amended Complaint asserts that the Court has diversity jurisdiction pursuant to 28 U.S.C. § 1332.  The Amended Complaint asserts only state law claims.  (Id. ¶¶ 24-53).

Federal courts "have an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from any party."  Arbaugh v. Y&H Corp., 546 U.S. 500, 501 (2006).  The Eleventh Circuit consistently has held that "a court should inquire into whether it has subject matter jurisdiction at the earliest possible stage in the proceedings.  Indeed, it is well settled that a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking."  Univ. of S. Ala. v. Am. Tobacco Co., 168 F.3d 405, 410 (11th Cir. 1999).  In this case, Plaintiff's Amended Complaint raises only questions of state law, and the Court only could have diversity jurisdiction over this matter.

Diversity jurisdiction exists where the amount in controversy exceeds $75,000 and the suit is between citizens of different states. 28 U.S.C § 1332(a). "Diversity jurisdiction, as a general rule, requires complete diversity—every plaintiff must be diverse from every defendant." Palmer v. Hosp. Auth. of Randolph Cnty., 22 F.3d 1559, 1564 (11th Cir. 1994). "Citizenship for diversity purposes is determined at the time the suit is filed." MacGinnitie v. Hobbs Grp., LLC, 420 F.3d 1234, 1239 (11th Cir. 2005). "The burden to show the jurisdictional fact of diversity of citizenship [is] on the . . . plaintiff." King v. Cessna Aircraft Co., 505 F.3d 1160, 1171 (11th Cir. 2007) (alteration and omission in original) (quoting Slaughter v. Toye Bros. Yellow Cab Co., 359 F.2d 954, 956 (5th Cir. 1966)).

A limited liability company is a citizen of any state of which one of its members is a citizen. Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C., 374 F.3d 1020, 1022 (11th Cir. 2004). "To sufficiently allege the citizenships of these unincorporated business entities, a party must list the citizenships of all the members of the limited liability company . . . ." Id.

One of the members of RST is a Georgia citizen, therefore RST is a Georgia citizen. See id. Because Plaintiff and RST are both Georgia citizens, diversity jurisdiction is lacking. See Palmer, 22 F.3d 1559 ("[E]very plaintiff must be

diverse from every defendant."). The Court thus lacks any basis for federal subject-matter jurisdiction, and is required to dismiss Plaintiff's lawsuit. Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action."); see also <u>Nat'l Parks Conservation Ass'n v. Norton</u>, 324 F.3d 1229, 1240 (11th Cir. 2003) ("[I]f the court has no jurisdiction, it has no power to enter a judgment on the merits and must dismiss the action.").

Accordingly, for the foregoing reasons,

**IT IS HEREBY ORDERED** that this case is **DISMISSED** for lack of federal subject-matter jurisdiction. The Clerk of Court is **DIRECTED** to close this case.

**SO ORDERED** this 26th day of October, 2015.

_____
WILLIAM S. DUFFEY, JR.
UNITED STATES DISTRICT JUDGE